**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50594 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00445-DSF-26 |
| v. | |
| EDWARD SOLARZANO, JR., aka Eddie Boy, aka Turtle, aka Little Turtle, | MEMORANDUM[*] |
| Defendant - Appellant., | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 7, 2012[**]
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Edward Solarzano pleaded guilty to one count of racketeering conspiracy in

violation of 18 U.S.C. § 1962(d) and one count of conspiracy to distribute and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. The district court sentenced him to concurrent prison terms of 188 months on each count, to run consecutively with an undischarged state prison term. The court also ordered lifetime supervised release.

Solarzano argues that the sentencing was procedurally erroneous and substantively unreasonable. But, as part of a written plea bargain, Solarzano waived his right to appeal the prison sentences, both of which were within the ranges permitted by the plea bargain and the applicable Guidelines. Solarzano has not contested the validity of the plea bargain or the waiver, and we therefore do not consider his claims with respect to the terms of imprisonment. *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991).

Solarzano also challenges the lifetime term of supervised release. Even if Solarzano did not waive his right to appeal that aspect of the sentence, we conclude that the district court acted reasonably in imposing the lifetime term. In rejecting Solarzano's arguments for a shorter term, the court considered the factors that are appropriate under 18 U.S.C. § 3553(a), including Solarzano's age, danger to the community, and reintegration into society. *United States v. Cope*, 527 F.3d 944, 951-52 (9th Cir. 2008).

**AFFIRMED.**

2